IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 24-1102 |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the United States |
| | ) | District Court for the |
| v. | ) | Northern District of Illinois, |
| | ) | Eastern Division |
| | ) | |
| DAVID SARGENT, | ) | Case No. 22 CR 15-2 |
| | ) | |
| | ) | |
| Defendant-Appellee. | ) | Hon. Manish S. Shah |

**GOVERNMENT'S UNOPPOSED MOTION
FOR EXTENSION OF TIME**

The UNITED STATES OF AMERICA, by MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, moves this Honorable Court for a 30-day extension of time within which to file its opening brief, pursuant to Fed. R. App. P. 26(b) and Seventh Circuit Rule 26, from Monday, March 4, 2024, to and including Wednesday, April 3, 2024.

In support of its unopposed motion, the government incorporates the attached affidavit of Assistant United States Attorney Matthew M. Getter.

                        Respectfully submitted.
                        MORRIS PASQUAL
                        Acting United States Attorney

By: *s/Matthew M. Getter*
     MATTHEW M. GETTER
     Assistant United States Attorney
     United States Attorney's Office
     219 S. Dearborn Street, 5th Floor
     Chicago, Illinois 60604
     (312) 886-7651

February 22, 2024

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | SS |
| NORTHERN DISTRICT OF ILLINOIS | ) | |

# AFFIDAVIT

Matthew M. Getter, Assistant United States Attorney, deposes and states that:

1. I am one of the Assistant United States Attorneys who has been assigned to represent the government in *United States v. David Sargent*, No. 24-1102.

2. Defendant David Sargent, along with his co-defendant Christopher Klundt, was charged by indictment with one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371; three counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5; and three counts of securities fraud, in violation of 18 U.S.C. § 1348(1), in connection with insider trading.

3. Following a jury trial, defendant was acquitted of the conspiracy count, but was convicted of the other six counts. His co-defendant was acquitted of all charges. On December 19, 2023, the district court granted defendant's post-trial motions for a judgment of acquittal and for a new trial, under Federal Rules of Criminal Procedure 29 and 33. The government notes that while the district court first issued its oral ruling on December 20, 2023, the order itself was docketed on December 19, 2023. The government timely

filed a notice of appeal on January 17, 2024.

4. The government's opening brief is due to be filed on March 4, 2024. Dkt. No. 1.

5. The government is seeking an extension to and including April 3, 2024, in part to allow sufficient time for the Department of Justice to follow its internal procedures in deciding whether to appeal the district court's decision to set aside the jury's guilty verdict. Only the Solicitor General may authorize an appeal by the government to a Court of Appeals, and the Solicitor General decides whether to grant authorization following a recommendation from the Appellate Section of the Department of Justice in Washington, D.C., the Assistant Attorney General for the Criminal Division, and an internal recommendation within the Office of the Solicitor General. This evaluation and approval process has not yet been completed. Should the Solicitor General not authorize an appeal, the government will immediately move to dismiss its notice of appeal.

6. This affidavit is submitted in support of a first request for an extension of time to file the government's opening brief. More specifically, the government requests that its time be extended by 30 days, to and including April 3, 2024.

7. The defendant is not in custody.

8. I have communicated with Christopher Grohman, counsel for the

defendant, who reports that he does not object to this motion.

9. Oral argument has not been scheduled.